**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Manuel GARCIA,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Manuel GARCIA,**
**Defendant–Appellant.**

Nos. 87–5644(L), 87–6140.

United States Court of Appeals,
Fourth Circuit.

Argued May 6, 1988.

Decided June 1, 1988.

John Flowers Mark, Jr. (Michael S. Lieberman, Zwerling, Mark, Sutherlund, Ginsberg and Lieberman, P.C., on brief), for defendant-appellant.

Michael D. Shepard, Sp. Asst. U.S. Atty. (Henry E. Hudson, U.S. Atty., James M. Sullivan, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before WINTER, Chief Judge, and SPROUSE and ERVIN, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

A jury found Jorge Manuel Garcia, defendant, guilty of possession of marijuana in violation of 21 U.S.C. § 844(a) but not guilty either of possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, or travel in interstate commerce with intent to promote, manage,

and establish distribution of cocaine, 18 U.S.C. § 1952(a)(3). Defendant appeals, claiming that the Drug Enforcement Administration (DEA) agents lacked probable cause to arrest him and therefore the marijuana found on his person in the search incident to that arrest was seized in violation of the fourth amendment and therefore could not be used as evidence to convict him. Defendant also challenges the validity of his sentence in several respects. However, defendant has already served his full sentence, and because we perceive no collateral consequences resulting from the sentence already served, we think that the challenges to the validity of the sentence are moot, and we decline to consider them. With respect to the probable cause determination, we affirm.

## I.

On May 30, 1985, at around 10:15 a.m. Carlos Salas (Salas) and defendant deplaned at Washington National Airport from a flight originating in Miami, Florida. On that date, DEA agents Mark Measer, Dwight McKinney and John Lee were operating surveillance of flights arriving at the airport from cities known to be sources of illegal narcotics. As Salas deplaned, Measer and McKinney determined that he had characteristics fitting the drug courier profile. Specifically his flight originated from a known source of narcotics, he appeared nervous, wore sunglasses indoors, and was squeezing a white handkerchief in his hand. As Salas entered the central hall of the main terminal, Salas paused, then turned toward the claims area where he briefly conversed with defendant. While Salas and defendant had carry-on luggage, they picked up no additional baggage at the claims area. The two then proceeded toward the taxi area.

Agent Lee testified that as they left the terminal, Salas and defendant were separated by a distance of twenty to twenty-five feet with Salas in front. Lee further testified that another individual walked between Salas and defendant. Agent Measer, however, testified that the two men walked side by side. The district court concluded that the discrepency was not significant and simply resulted from the agents' different visual perspectives. The district court reconciled the two versions, concluding that Salas and defendant were initially separated by a distance of ten feet, then walked together, and then apart by a distance of twenty to twenty-five feet.

While Salas was in line waiting for a taxi, the agents approached him, identified themselves, and asked Salas if defendant was with him. Salas said that he was. Agent Lee then explained to Salas that he looked like someone they might be looking for and asked if they could speak with him. Salas said that they could. Agent Lee asked defendant if they could speak with him as well. Defendant also agreed. The two stepped out of line and Lee asked Salas if he could search his bag. Salas agreed and began to rummage through the bag himself. Lee then said he would prefer to check the bag himself. Lee then found a clear plastic bag containing a large quantity of cocaine.

The agents then arrested Salas and defendant. Following a search incident to arrest, the agents seized two additional bags of cocaine from Salas' luggage. In addition, they found twelve grams of marijuana on defendant's person. Salas had $548 in cash on his person and defendant had no cash whatsoever.

Salas was convicted in a separate trial of possession of cocaine with intent to distribute and travel in interstate commerce with intent to promote, manage, and establish distribution of cocaine. Salas refused to testify against defendant. The court denied defendant's motion to suppress evidence seized from Salas on the ground that defendant lacked standing to raise a fourth amendment claim on Salas' behalf. The district court further denied defendant's motion to suppress the marijuana found on defendant's person. Defendant was found guilty of possession of marijuana and found not guilty of the cocaine-related charges.

## II.

A finding of probable cause to arrest is proper when "at the time the arrest

occurs, the facts and circumstances within the officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing an offense." *United States v. Manbeck,* 744 F.2d 360, 376 (4 Cir.1984), *cert. denied,* 469 U.S. 1217, 105 S.Ct. 1197, 84 L.Ed.2d 342 (1985); *see also, Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142 (1964). A finding of probable cause is based upon a practical assessment of the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 230–31, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983).

Because the search of Salas' bag was consensual, *see Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 2047–48, 36 L.Ed.2d 854 (1973) (defendant need not have known of his right to refuse search for consent to be valid), the issue in this case involves whether at the time the officers discovered the cocaine in Salas' bag, they had probable cause to arrest defendant. Defendant's reliance upon *United States v. Haye,* 825 F.2d 32, 34 (4 Cir. 1987) is misplaced. In *Haye,* we explained that under *Reid v. Georgia,* 448 U.S. 438, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980), the presence of characteristics fitting a drug courier profile without more does not provide DEA agents with a reasonable suspicion, sufficient to justify an involuntary investigative detention. *Haye,* 825 F.2d at 34. In this case, by contrast, the agents engaged Salas and defendant in a voluntary exchange resulting in a consensual search. Once the officers arrested defendant, they were lawfully entitled to conduct a search incident to arrest to uncover weapons or evidence. *New York v. Belton,* 453 U.S. 454, 461, 101 S.Ct. 2860, 2864, 69 L.Ed. 2d 768 (1981). The issue in this case, therefore, is not whether at the time the agents approached Salas and defendant they had reasonable suspicion to justify an involuntary investigative detention of defendant, but rather whether the totality of the circumstances provided the agents with probable cause at the time of arrest. *See Gates,* 462 U.S. at 230–31, 103 S.Ct. at 2328.

Of course, the presence of characteristics fitting the drug courier profile is not alone sufficient to establish probable cause. *Haye,* 825 F.2d at 34 (4 Cir.1987); *Reid v. Georgia,* 448 U.S. 438, 440–41, 100 S.Ct. 2752, 2753–54, 69 L.Ed.2d 768 (1980). Nor is mere presence at the scene of a crime or in the company of a person engaging in criminal activity alone sufficient to establish probable cause. *United States v. Di Re,* 332 U.S. 581, 594, 68 S.Ct. 222, 228, 92 L.Ed. 210 (1948) (presence at scene of crime without more does not provide probable cause to arrest); *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979) ("[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person."). Nonetheless, the confluence of factors independently susceptible of innocent explanation may provide the requisite basis for a finding of probable cause. *See Gates,* 462 U.S. at 244, n. 13, 103 S.Ct. at 2355 n. 13 ("[I]nnocent behavior frequently will provide the basis for a showing of probable cause. . . .").

■ In this case the DEA agents knew the following at the time of arrest. First, Salas possessed several characteristics consistent with the drug courier profile. Second, Salas informed the agents that defendant was accompanying him and defendant did not refute that assertion. Third, the two men had engaged in an unusual walking pattern indicating that they preferred not to be identified together. Fourth, Salas possessed a sufficiently large quantity of cocaine to indicate that he was a likely drug trafficker rather than mere user. Taken together, these factors distinguish this case from *Reid,* 448 U.S. 438, 100 S.Ct. 2752, since they enabled the agents to infer that defendant knew of Salas' illegal activity and that he therefore did not want to make known his association with Salas or that activity. *Cf. Reid,* 448 U.S. at 441, 100 S.Ct. at 2754 (finding of probable cause improper where at time of arrest DEA agents only knew that (1) defendant arrived from a known source city, (2) defendant arrived in early morning, (3) defendant's companion tried to conceal the fact that they were together, and (4) defendant

and companion had no luggage beyond carry-on bags).

Had the officers not found a sufficient quantity of cocaine to indicate that Salas was engaged in distribution, defendant could more readily assert that many people innocently travel with other individuals possessing personal-use cocaine without even knowing it and that the discovery of such contraband should not establish probable cause to arrest the person who accompanied the one on whom the drugs are found. But where, as here, the quantity of cocaine is sufficiently large to indicate an intent to distribute, and where the two men are together and engaged in suspicious conduct indicating that they did not wish to be seen together, we conclude that there was probable cause to arrest defendant.

AFFIRMED.