869 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanton Maurice HOFFMAN, Defendant-Appellant.
 No. 87-5154.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 4, 1988.
Decided: Feb. 21, 1989.
 
 Michael Rankin Nash, for appellant.
 Robert Holt Edmunds, Jr., United States Attorney (Becky M. Strickland, CLA Paralegal Specialist, on brief), for appellee.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge, for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Stanton Maurice Hoffman appeals a jury verdict which found him guilty of possessing a firearm after having been convicted of several felonies. For the reasons set forth below, we affirm the jury verdict.
 
 I.
 
 2
 On February 2, 1987 one James Henry Johnson purchased two Raven .25 caliber automatic pistols, serial numbers 1207731 and 1207732, from Chester Alverson, a licensed gun dealer in Danville, Virginia. Johnson filled out an Alcohol, Tobacco and Firearm (ATF) form numbered 4473 and stated on the form that he had no prior criminal convictions.
 
 
 3
 On February 14, 1987 High Point, North Carolina Police Officer Archie L. Thorne was dispatched to the local Howard Johnson's Motor Inn. Upon his arrival, Thorne saw a tan Toyota pull out of a parking lot into the path of an oncoming car, which went into a skid. Thorne followed the Toyota and pulled it over. As Thorne got out of his cruiser, a man who later identified himself as Stanton Maurice Hoffman got out of the Toyota and began to walk toward Thorne. Thorne asked Hoffman for his driver's license and car registration papers. As Hoffman turned back to the Toyota, Thorne saw the outline of a pistol in Hoffman's left rear pants pocket. Thorne drew his revolver and followed Hoffman to the Toyota. When Hoffman opened the Toyota's door, Thorne told him to lie down on the front seat of the car because he was under arrest for carrying a concealed weapon. Thorne attempted to handcuff Hoffman, but a struggle ensued and Thorne hit Hoffman on his head and knocked him unconscious. After handcuffing Hoffman, Thorne took a loaded .25 caliber pistol from Hoffman's pants pocket. The pistol was tagged as evidence and turned over to the Police Evidence Room; it was later identified by ATF Agent Ed Krebs as a Raven Arms .25 caliber pistol, serial number 1207732. After the arrest, Thorne searched the Toyota and found a miniature birth certificate bearing the name James Henry Jackson.[1] Krebs subsequently fingerprinted the defendant, who identified himself as Stanton Maurice Hoffman.
 
 
 4
 On July 29, 1987, Stanton Maurice Hoffman was indicted by a federal grand jury in the Middle District of North Carolina for possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(1). As underlying offenses, the indictment listed four cases of possession of controlled substances for which the defendant was convicted in 1974; one case of armed robbery for which he was convicted in 1975; six cases of possession of controlled substances and one case of extortion for which he was convicted in 1976; and one case of possession of implements of housebreaking, and breaking and entering, in 1984.
 
 
 5
 On July 6, 1987, the government filed a notice of intent to seek enhanced punishment pursuant to 18 U.S.C. Sec. 924(e)(1). In response, the defendant filed a motion to suppress and a petition for writ of habeas corpus. The government responded, and the defendant's motion was denied after a hearing.
 
 
 6
 The trial began on August 10, 1987; the next day, the jury found the defendant guilty as charged. After denying the government's motion to enhance the sentence, the court sentenced the defendant to five years in prison, concurrent with a state sentence he already was serving. This appeal followed.
 
 II.
 
 7
 On appeal, the appellant raises six issues relating to his arrest and trial. We deal with these issues in the order in which they were raised.
 
 
 8
 First, the appellant contends that the court improperly admitted into evidence government Exhibit 2, a Judgment and Commitment Form from Guilford County, North Carolina Superior Court which indicated the appellant's conviction for armed robbery on June 11, 1985. At trial, the court limited the government to proof of a single conviction. The appellant, in turn, complains that the government should have been limited to the conviction for which the government had the "best evidence," or most direct proof. Because the government had fingerprint evidence which directly tied the appellant to certain controlled substances, the appellant argues that the government ought to have used that conviction instead of the conviction for armed robbery. The appellant argues that there was no direct evidence (i.e., fingerprint evidence) to tie him to the conviction for armed robbery. The appellant cites no authority for his argument, and we find it totally without merit. The trial court did not err in admitting the government's Exhibit 2 into evidence.
 
 
 9
 Second, the appellant contends that the trial court committed prejudicial error when it refused to require Officer Thorne to produce his personnel file at trial.[2] The appellant apparently was proceeding on the theory that Thorne had falsely stated that the appellant had possessed the firearm in an effort to justify knocking him unconscious during the arrest; the appellant sought access to Thorne's file to ascertain whether Thorne previously had been accused of abusive practices toward arrestees. The trial court correctly noted that Hoffman would "have to show some suggestion, some evidence other than sheer speculation" of Thorne's propensity for violence before the personnel file would become relevant. At trial, however, Hoffman was unable, even after cross-examination of Thorne, to offer any evidence that would suggest that he had a propensity for violence. We agree with the district court that the personnel file was not relevant to the proceeding.
 
 
 10
 Next, the appellant argues that the trial court committed prejudicial error when it admitted ATF Agent Krebs' testimony that the appellant had identified himself as "Stan Hoffman" when appellant was being fingerprinted because Krebs did not first advise Hoffman of his Miranda rights before asking his identity. We have held that "the identity of defendants is not suppressible under the exclusionary rule." United States v. Arias, 678 F.2d 1202, 1206 (4th Cir.), cert. denied, 459 U.S. 910 (1982). Furthermore, the solicitation of information by law enforcement personnel concerning a person's identity does not amount to custodial interrogation. United States v. Adegbite, 846 F.2d 834, 838 (2d Cir.1988). The trial court did not err in admitting Agent Krebs' testimony.
 
 
 11
 Fourth, the appellant contends that the trial court improperly denied his Rule 29 motion for judgment of acquittal (see Fed.R.Crim.P. 29) because the government did not offer the requisite proof to establish that the firearm found in appellant's possession had travelled in interstate commerce.[3] In Scarborough v. United States, 539 F.2d 331 (4th Cir.), aff'd 431 U.S. 563 (1977), the Supreme Court held that in passing 18 U.S.C. Sec. 1202(a), the predecessor to 18 U.S.C. Sec. 922(g)(1), Congress did not intend "to require any more than the minimal nexus that the firearms have been, at some time, in interstate commerce." 431 U.S. at 575 (footnote omitted). In the present case, the government established at trial that the Raven .25 caliber pistol found in Hoffman's possession was manufactured outside North Carolina, purchased in Virginia, and found in Hoffman's possession in North Carolina. The evidence presented at trial clearly met the nexus requirement set forth in Scarborough. The trial court correctly denied Hoffman's Rule 29 motion.
 
 
 12
 Fifth, the appellant claims that the trial court abused its discretion in refusing to allow him, as co-counsel with his attorney, to personally address the court. As a preliminary matter, we note that in Faretta v. California, 422 U.S. 806 (1975), the Supreme Court recognized that a defendant had a sixth amendment right to conduct his own defense, and that a trial court could appoint "standby counsel" to assist him in his defense. In the present case, however, Hoffman was not appearing pro se; rather, he had counsel to represent him. Thus, this case clearly is distinguishable from McKaskle v. Wiggins, 465 U.S. 168, reh'g denied, 465 U.S. 1112 (1984), where the Court balanced the defendant's right to proceed pro se with the appropriate degree of participation by standby counsel. As the Wiggins court noted, "Faretta does not require a trial judge to permit 'hybrid' representation of the type Wiggins was actually allowed." 465 U.S. at 183.
 
 
 13
 In the present case, it appears that Hoffman asserts his right to precisely this kind of "hybrid" representation: he allowed his attorney to conduct the trial, yet he alleges that the trial court abused its discretion by refusing to allow him to address the court personally. The decision to allow a defendant hybrid representation rests in the sound discretion of the trial court. United States v. LaChance, 817 F.2d 1491, 1498 (11th Cir.) (citations omitted), cert. denied, 108 S.Ct. 295 (1987). It is well settled that there is no sixth amendment right to combine self-representation with representation by counsel. See, e.g., United States v. Tarantino, 846 F.2d 1384, 1420 (D.C.Cir.1988); United States v. Mosely, 810 F.2d 93, 97 (6th Cir.), cert. denied, 108 S.Ct. 129 (1987); United States v. Williams, 791 F.2d 1383, 1389 (9th Cir.), cert. denied, 107 S.Ct. 233 (1986). We hold that the trial judge did not abuse his discretion in refusing to permit Hoffman to address him.
 
 
 14
 Finally, the appellant argues that the trial court committed prejudicial error when it denied his motion to suppress evidence. The appellant argues that his motion to suppress evidence of the weapon taken from his pants pocket should have been granted because Thorne had no probable cause to stop him and therefore had no probable cause to search him. This argument is wholly without merit. First, Thorne was completely justified in stopping the appellant after he witnessed Hoffman driving recklessly. Second, when the appellant turned back to his car, Thorne saw the outline of a gun in the appellant's pants pocket. Carrying a concealed weapon is a crime in North Carolina.[4] After seeing the shape of a gun in appellant's pants pocket, Thorne certainly had probable cause to arrest the appellant for the crime of carrying a concealed weapon. "A finding of probable cause to arrest is proper when 'at the time the arrest occurs, the facts and circumstances within the officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing an offense.' " United States v. Garcia, 848 F.2d 58, 60 (4th Cir.1988) quoting United States v. Manbeck, 744 F.2d 360, 376 (4th Cir.1984), cert. denied, 469 U.S. 1217 (1985). It is well settled that following a lawful arrest, an officer may conduct a search incident to the arrest to uncover weapons or evidence. New York v. Belton, 453 U.S. 454, 461 (1981); United States v. Garcia, 848 F.2d at 60. The trial court correctly denied Hoffman's motion to suppress evidence of the Raven .25 caliber pistol taken from his pocket at the time of his arrest.
 
 
 15
 In sum, we find the six issues raised by the appellant to be without merit. Accordingly, the judgment of conviction is
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 On direct examination, Thorne testified that the birth certificate was for one James Henry Johnson. On cross examination, Thorne stated that the name in fact was James Henry Jackson. We attach no significance to Thorne's discrepancy in testimony
 
 
 [2]
 The appellant had served Thorne with a subpoena which requested that he bring his personnel file to the trial. Thorne stated at trial that he had not read the subpoena because he assumed he knew what it said and that it merely summoned him to appear at trial
 
 
 [3]
 18 U.S.C. Sec. 922(g)(1) provides in part that:
 It shall be unlawful for any person--who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport any firearm or ammunition in interstate or foreign commerce.
 
 
 [4]
 See N.C.G.S. Sec. 14-269(a) (1986)