**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4713

ANDRE A. HARMON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-53)

Submitted: April 22, 1998

Decided: May 11, 1998

Before WIDENER and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Keith B. Marcus, PHILLIPS, WEBB & WALLERSTEIN, Richmond,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,
N. George Metcalf, Assistant United States Attorney, Jeffrey T. Sel-
ser, Third-Year Law Intern, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andre A. Harmon appeals from the district court's denial of his suppression motion, and his resulting guilty plea and conviction for use and carrying of a firearm during the commission of a drug transaction, in violation of 18 U.S.C. § 924(c) (1994), and possession of heroin, in violation of 21 U.S.C. § 844(a) (1994). We uphold the district court's denial of the motion to suppress, and affirm Harmon's conviction.

Testimony at the suppression hearing revealed that on January 16, 1997, police officers Loperl and Robinson were conducting surveillance of the Whitcomb Court housing complex from a second story apartment window for possible drug transactions. Whitcomb Court was known by police officers to be a high drug area. Officer Loperl observed Harmon approach the apartment of a woman that had been arrested earlier that morning on drug charges. Loperl recognized Harmon, whom he knew did not live at Whitcomb Court, from a prior incident at Whitcomb Court when he warned Harmon about trespassing there. Harmon carried a plate of food in one hand, and a lit cigarette in the other. Harmon knocked on the door of the apartment, and when no one answered, he turned to leave. Loperl, observing Harmon through binoculars, saw him stop when he was approached by an unidentified female. Harmon reached into his right pocket and produced a small folded piece of aluminum foil, which was about a third the size of a postage stamp, and flat. Based on Loperl's experience and training as a police officer, he suspected this object to be packaged heroin. Harmon dropped the package to the ground, picked it up, and handed it to the unidentified female. While they talked, she examined it and then handed it back to Harmon, who replaced the package in his right front jeans watch pocket and began to walk away. Loperl then radioed the take down team, comprised of Officers Rollston and Shelton.

2

When he noticed the officers approaching, Harmon briskly walked toward an apartment door, which was locked. Rollston told Harmon to put down the plate and cigarette. Harmon failed to comply, or otherwise respond. The officers bent Harmon over the railing. Rollston repeated his command to Harmon to drop the plate and cigarette, which he did. Officer Rollston then informed Harmon that he was under investigative detention and patted Harmon's right front jeans watch pocket, in search for drugs. Officer Rollston testified that he felt what he believed to be three or four rocks of crack cocaine. The objects turned out to be coins. Rollston then repeated to Harmon that he was under investigative detention, that he was not under arrest, and placed Harmon in handcuffs, telling Harmon that the handcuffs were necessary for his safety and the safety of the officers. Rollston then walked with Harmon toward the police cruiser. On the way, he asked Harmon if he had any weapons on his person. Harmon admitted that he did, and told Rollston the location of a firearm. After Rollston retrieved the weapon, Rollston placed Harmon under arrest for carrying a concealed weapon. Pursuant to this arrest, Rollston searched Harmon's outer clothing and found a quantity of heroin in Harmon's right front jeans watch pocket.

The district judge denied Harmon's motion to suppress the evidence obtained on January 16, 1997, at Whitcomb Court on the ground that the officers had probable cause for an arrest based on what transpired between Harmon and the unidentified female to whom he talked and to whom he handed what appeared to be a packet of heroin. On appeal, Harmon claims that the police did not have a reasonably articulable suspicion of criminal activity sufficient to justify stopping Harmon, and the illegal stop turned into an arrest without probable cause at the time the handcuffs were placed on him such that his subsequent admission and the seizure of the firearm and the heroin should have been suppressed. We find that these issues need not be considered as the surveilling officers had probable cause to arrest Harmon based on the totality of the circumstances and the events they witnessed which transpired between Harmon and the female. Specifically, Whitcomb Court was personally known to the officers involved be a high drug trafficking area. Harmon was known to the surveilling officer as a person who did not live in Whitcomb Court, and he had previously told Harmon not to trespass at Whitcomb Court. Further, Harmon was observed handing a small, flat

3

piece of folded aluminum foil to the female, who observed it, had some discussion with Harmon, and then returned the packet to Harmon. Aluminum foil such as that observed by the officer is known to the officers as being a medium for carrying heroin. Finally, Harmon exhibited evasive behavior when he saw the officers approaching.

Viewed by the totality of the circumstances,[1] including the events which transpired between Harmon and the unidentified female, as well as Harmon's evasive behavior when he saw the take down team approaching him, we find that the district court properly concluded that the officers had probable cause to believe that Harmon had or was committing an offense at that time, and therefore had probable cause to arrest.[2] Hence, we find that the district judge properly denied Harmon's motion to suppress the evidence thereafter seized. Accordingly, we affirm the district court's denial of Harmon's motion to suppress, and Harmon's guilty plea and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

_____

**1 See Illinois v. Gates**, 462 U.S. 213, 238 (1983); United States v. Garcia, 848 F.2d 58, 59-60 (4th Cir. 1988).
**2 See Beck v. Ohio**, 379 U.S. 89, 91 (1964); United States v. Williams, 10 F.3d 1070, 1073-74 (4th Cir. 1993).

4