**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT F. SPIERS,
Plaintiff-Appellee,

v.                                                                No. 98-1798

GENE E. SYDNOR,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-97-841)

Argued: January 25, 1999

Decided: March 10, 1999

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Adrian Gibney, Jr., SHUFORD, RUBIN & GIB-
NEY, P.C., Richmond, Virginia, for Appellant. Jason Wade Kon-
vicka, EMROCH & KILDUFF, L.L.P., Richmond, Virginia, for
Appellee. **ON BRIEF:** William B. Kilduff, EMROCH & KILDUFF,
L.L.P., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert F. Spiers brought this action pursuant to 42 U.S.C.A. § 1983 (West Supp. 1998), alleging that Richmond County, Virginia Sheriff Gene E. Sydnor violated Spiers' Fourth Amendment rights by arresting him without probable cause. The district court denied Sheriff Sydnor's motion for summary judgment, which raised among other defenses a claim of qualified immunity. We reverse.

I.

On October 11, 1997,[1] Spiers, who was employed as the director of the Lancaster High School marching band, was leading the band in a parade through Warsaw, Virginia on Route 360. As the parade progressed, the band moved more slowly than the unit preceding it, and a gap developed between the units. Spiers attempted to have the band move more quickly, but when "the band began to space out," Spiers slowed the band. J.A. 59.

Sheriff Sydnor was controlling traffic flow at an intersection on the parade route. Because the gap between Spiers' band and the unit preceding it had grown so large that one could no longer see the unit ahead over the crest of a hill, Sheriff Sydnor directed Spiers, who was in front of the band, to speed up. Sheriff Sydnor was concerned about the traffic hazard created when a large gap develops in a parade, per-

_____

[1] Because the district court did not set forth the factual basis for its decision, we present the facts in the light most favorable to Spiers. See Winfield v. Bass, 106 F.3d 525, 533-35 (4th Cir. 1997) (en banc) (holding that in reviewing the denial of summary judgment on a governmental official's claim of qualified immunity, when the district court fails to set forth fully the factual basis for its decision, this court accepts facts that are undisputed and views the remaining evidence properly before the district court in the light most favorable to the nonmoving party).

mitting drivers to pull into the parade route without recognizing that a parade is in progress. Spiers responded to Sheriff Sydnor that the band was moving as quickly as possible. Sheriff Sydnor stated, "Pick up the pace or you're out of the parade." J.A. 62 (internal quotation marks omitted). Spiers again responded, "We're going as fast as we can." Id. (internal quotation marks omitted).

The parties agree that the following occurred within a matter of seconds. Sheriff Sydnor approached a banner at the front of the band carried by two high school girls and began to turn it, and with it the band, to the right.[2] Spiers, however, instructed the band to continue down the parade route. Sheriff Sydnor immediately turned around, handcuffed Spiers, and informed him that he was under arrest. Sheriff Sydnor sat Spiers on the curb and said, "Now sit[there] and let everyone look at you." Id. (internal quotation marks omitted). Spiers sat on the curb for approximately 15 minutes until he was transported to the police station, where he was released. No charges were ever filed against Spiers.

II.

Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In analyzing an appeal from the rejection of a qualified immunity defense, our first task is to identify the specific right that the plaintiff asserts was infringed by the challenged conduct. See Taylor v. Waters, 81 F.3d 429, 433 (4th Cir. 1996). The court then must consider whether, at the time of the claimed violation, that right was clearly established and "`whether a reasonable person in the official's position would have known that his conduct would violate that right.'" Id. (quoting Gordon v. Kidd, 971 F.2d 1087, 1093 (4th Cir. 1992)). Our review of the denial of summary judgment based on qualified immunity is de novo. See Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992).

_____

[2] There was also undisputed testimony from a third party who witnessed the event that Sheriff Sydnor waved his arms, gesturing that the band should leave the highway.

3

Spiers asserts that Sheriff Sydnor violated his Fourth Amendment right to avoid an unreasonable seizure by arresting him without probable cause. Sheriff Sydnor maintains that he had probable cause to believe that Spiers had violated Va. Code Ann. § 18.2-460(A) (Michie 1996), which provides in pertinent part,"If any person without just cause knowingly obstructs ... any law-enforcement officer in the performance of his duties as such[,] ... he shall be guilty of a Class 2 misdemeanor." Spiers contends, however, that no reasonable officer could have believed that he possessed probable cause to arrest for a violation of § 18.2-460(A) because there was no evidence that Spiers knowingly or intentionally obstructed the officer in the performance of his duties.

We hold that an officer in Sheriff Sydnor's position reasonably could have concluded that Spiers was guilty of knowingly obstructing a law enforcement officer in his duties. See United States v. Garcia, 848 F.2d 58, 59-60 (4th Cir. 1988) (holding that probable cause exists when the facts and circumstances known to the officer "would warrant the belief of a prudent person that the arrestee had committed or was committing an offense" (internal quotation marks omitted)). An officer in Sheriff Sydnor's position reasonably could have believed that Spiers had the requisite intent to obstruct based on the following facts: He had told Spiers to have the band close the gap or they would be removed from the parade; Spiers had indicated that the band could not speed up; Sheriff Sydnor had instructed the band to leave the parade route; and, Spiers nonetheless, in apparent direct contravention of this instruction, had directed the band to continue marching down the parade route.

With the benefit of hindsight, we have no doubt that Sheriff Sydnor overreacted and that Spiers did not intend to violate the law. Nevertheless, based on the information known to Sheriff Sydnor at the moment he arrested Spiers, a reasonable officer could have concluded that Spiers was knowingly obstructing the performance of Sheriff Sydnor's duties. Accordingly, an officer in Sheriff Sydnor's position reasonably could have believed that the facts known to him were sufficient to establish probable cause for Spiers' arrest. Therefore, Sheriff Sydnor is entitled to qualified immunity on Spiers' § 1983 claim alleging that his arrest was unsupported by probable cause in violation

4

of Spiers' Fourth Amendment rights. <u>See Malley v. Briggs</u>, 475 U.S. 335, 344-45 (1986).

<u>REVERSED</u>

5