**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1242**

ADDIE E. THWEATT,

Plaintiff – Appellant,

v.

RONALD T. RHODES, individually; ALVIN F. JONES, individually,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:20-cv-00548-HEH)

Argued:  May 5, 2023                                     Decided:  June 28, 2023

Before NIEMEYER and HEYTENS, Circuit Judges, and Max O. COGBURN, Jr., United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished opinion. Judge Cogburn wrote the opinion, in which Judge Niemeyer and Judge Heytens joined.

**ARGUED:**  James B. Thorsen, THORSENALLEN, LLP, Richmond, Virginia, for Appellant.  Randy Carl Sparks, Jr., KAUFMAN & CANOLES, PC, Richmond, Virginia, for Appellee Alvin F. Jones.  Melissa Yvonne York, HARMAN CLAYTOR CORRIGAN & WELLMAN, Glen Allen, Virginia, for Appellee Ronald T. Rhodes.  **ON BRIEF:** Judson R. Peverall, THORSENALLEN, LLP, Richmond, Virginia, for Appellant.  David P. Corrigan, HARMAN CLAYTOR CORRIGAN & WELLMAN, Richmond, Virginia,

for Appellee Ronald T. Rhodes.

_____

Unpublished opinions are not binding precedent in this circuit.

MAX O. COGBURN, Jr., District Judge:

Appellant Addie Thweatt appeals the district court's dismissal of Thweatt's claim for malicious prosecution against Appellees Ronald Rhodes and Alvin Jones. For the following reasons, we affirm the decision of the district court.

## I.

## A.

Plaintiff Addie Thweatt worked as a bus driver for Prince George County Public Schools. On May 9, 2018, at approximately 7:06 a.m., two female students walked onto a bus Thweatt was driving. J.A. 8, at ¶ 14; J.A. 14–15; J.A. Vol. II. As the students walked onto the bus, one of the students said, "I will hit her straight in the face." The other student responded, "No, you're not." Thweatt then interjected herself into the conversation, saying, "You going to hit who in the face?" J.A. Vol. II. One of the female students then sat against the window in the first row of the passenger side of the bus and replied, "Who you think?" Id. Thweatt then said, "Aw naw. You talking to me? You going to hit who in the face?" Id. Thweatt said this while unbuckling her seatbelt and exiting the driver's seat of the school bus to approach the student in her seat. Id.

When Thweatt reached the student's seat, she yelled at the student, "Me? Bring it on. You going to hit me in the face?" Id. While making these statements, Thweatt gestured with her hands. Id. The student replied, "Did I say I was going to hit you?" Id. Thweatt then said, "Naw. You got on the bus running your mouth, who you going to hit in the face?" Id. The student sat silently, and Thweatt proceeded to yell, "Who you talking to, me or who?" Id. After the student asked Thweatt, "You going to drive the bus?", Thweatt moved

3

into the student's seat, stood over the student, and shook her finger, while stating "Naw, you're going to tell me who you're talking to." Id.

The student then stood in an effort to exit the seat and the bus while Thweatt said, "I'm going to call somebody so you can get off the bus." Id. The student ultimately disembarked from the bus. Id. Video footage showed that, during the incident, Thweatt unbuckled her seatbelt to stand over the student, threw up her arms during the altercation, and blocked the student in her seat so that the student had to push past Thweatt to leave the bus.

The student reported the incident to the School Board Office on May 9, 2018. J.A. 14–15. On May 10, 2018, Ronald Rhodes, Director of Operations for Prince George County Public Schools, met with Thweatt regarding the incident. Id. During the meeting, Rhodes advised Thweatt that Officer Alvin Jones of the Prince George County Police Department would be pressing charges against her for disorderly conduct, and that she would be placed on administrative leave without pay pending the outcome of those charges. J.A. 9, at ¶ 15; J.A. 14–15. Officer Jones appeared before and made sworn statements to a magistrate on May 11, 2018, at which time the magistrate issued an arrest warrant for Thweatt for disorderly conduct under Va. Code Ann. § 18.2-415, which states:

> A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, he . . . willfully . . . disrupts the operation of any school or activity conducted or sponsored by the school, if the disruption has a direct tendency to cause acts of violence by the person . . . at whom . . .. the disruption is directed.

J.A. 9, at ¶¶ 18–19, 21; J.A. 16–17.

4

Officer Jones served the arrest warrant on Thweatt on May 11, 2018, and she was released on her own recognizance. J.A. 9–10, at ¶ 22; J.A. 16–17. Rhodes never appeared before, or spoke to, the magistrate. Thweatt claims that Jones only made an oral statement to the magistrate and that Jones did not interview the student before bringing the charges. Thweatt was ultimately found not guilty. J.A. 10, at ¶ 24; J.A. 16–17.

Thweatt filed a lawsuit against Rhodes and Jones for malicious prosecution pursuant to 42 U.S.C. § 1983. J.A. 6–17. In response, Rhodes filed a motion to dismiss, and Jones filed a motion for judgment on the pleadings. Rhodes and Jones argued that: (1) they enjoyed qualified immunity; (2) they did not cause Thweatt's arrest because the magistrate's signature on the warrant was a sufficient intervening cause; and (3) a reasonable officer could find that Thweatt's conduct was disorderly. Thweatt responded that Rhodes and Jones made numerous critical misrepresentations of the altercation such that the magistrate's issuance of the warrant did not break the causal chain for the malicious prosecution claim, and that no reasonable officer could have found that Thweatt's conduct was disorderly.

On February 4, 2021, the district court granted Rhodes' motion to dismiss and Jones' motion for judgment on the pleadings, dismissing the claims against Rhodes and Jones based on the court's finding that neither Rhodes nor Jones violated Thweatt's constitutional rights. J.A. 37–50. The district court relied on two pieces of extrinsic evidence: the video of the altercation and a letter Rhodes wrote to Thweatt about the incident. J.A. 30-34; J.A. Vol. II.

5

In its dismissal order, the district court noted that to state a claim for malicious prosecution, Thweatt had to show that (1) defendants caused a (2) seizure of plaintiff pursuant to legal process unsupported by probable cause and (3) criminal proceedings terminated in plaintiff's favor. The court found that Thweatt did not show that either defendant caused her seizure or that her arrest lacked probable cause. The court found that the magistrate judge's order was an intervening cause that broke that causal chain such that neither Rhodes nor Jones could be held liable. The court noted that the causal chain would not be broken if Thweatt could show that Rhodes or Jones misled, pressured, or lied to the magistrate when applying for the arrest warrant, but the court held that Thweatt did not show this. Therefore, the warrant broke the causal chain, and Rhodes and Jones did not cause Thweatt's arrest. The court also found that Rhodes did not cause Jones to obtain the warrant by lying to Jones.

The court further found that there was probable cause for the arrest. In support of this finding, the court noted that, while words alone are not enough to show disorderly conduct, Thweatt's actions of unbuckling her seat belt, rising out of her seat, approaching a teenage girl, and loudly shouting and waving her arms, while leaning over the girl's seat and blocking her entrance, were enough to show disorderly conduct. Finally, the court stated that because Rhodes and Jones did not violate Thweatt's constitutional rights, the court would not consider whether Thweatt's constitutional rights were clearly established for purposes of qualified immunity.

Thweatt timely appealed to this Court. On appeal, she argues that probable cause was lacking to arrest her for disorderly conduct. Thweatt also argues that Rhodes and Jones

6

caused Thweatt's arrest, and the officers knew there was no probable cause when applying for the warrant, thus violating Thweatt's clearly established rights. For the following reasons, we disagree with both contentions.

B.

We review the district court's decision de novo. See *Affinity Living Grp., LLC v. StarStone Specialty Ins.,* 959 F.3d 634, 639 (4th Cir. 2020); *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

At the outset, we note that Rhodes filed a Rule 12(b)(6) motion to dismiss, and Jones filed a Rule 12(c) motion for judgment on the pleadings before the district court. However, the standard of review is the same. Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings when it would not delay trial. FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, under Rule 12(c), a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). When considering a motion for judgment on the pleadings, as with a motion to dismiss, the Court is "obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018). "However, the court need not accept the legal

7

conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe v. City of Charlottesville, Va.,* 579 F.3d 380, 385–86 (4th Cir. 2009) (internal citations and quotations omitted).

The district court correctly found that neither Rhodes nor Jones violated Thweatt's constitutional rights. As to Thweatt's argument that Rhodes and Jones lacked probable cause to seek an arrest warrant for disorderly conduct, probable cause arises "when the facts and circumstances known to the officer 'would warrant the belief of a prudent person that the arrestee had committed or was committing an offense.'" *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996) (quoting *United States v. Garcia*, 848 F.2d 58, 59–60 (4th Cir. 1988)). This "is an objective standard of probability that reasonable and prudent persons apply in everyday life." *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998). Probable cause is not a high bar. *Spivey v. Norris*, 731 F. App'x 171, 175 (4th Cir. 2018). While it "requires more than 'bare suspicion', it requires less than that evidence necessary to convict." Id. at 175–76 (quoting *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998)).

We agree with the district court that Thweatt's conduct sufficiently fell within the definition of "disorderly conduct" under Va. Code Ann. § 18.2-415. Therefore, Officer Jones had probable cause for seeking the arrest warrant from the magistrate for disorderly conduct.

Additionally, the magistrate judge's order was an intervening cause that broke that causal chain such that neither Rhodes nor Jones "caused" Thweatt's arrest. The first element of a § 1983 malicious prosecution claim requires that defendants "caused" the allegedly unlawful seizure. See *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). The

8

intervening acts of a decision maker such as a magistrate can act as a superseding cause that breaks the causal chain and shields an investigating officer from liability. Id. Police officers can be held liable, however, if they have misled, unduly pressured, or lied to a magistrate. *Id.* Here, however, Thweatt did not allege that Officer Jones misled, unduly pressured, or lied to the magistrate who issued the arrest warrant.

For all these reasons, we affirm the district court's dismissal of Thweatt's malicious prosecution claim.*

*AFFIRMED*

---

* We note that while the district court concluded that Rhodes and Jones enjoyed qualified immunity, the district court simultaneously found that neither Rhodes nor Jones violated Thweatt's constitutional rights in the first instance. As a matter of law, if there is no constitutional violation in the first instance, then technically the issue of qualified immunity does not even come into play. See *Saucier v. Katz*, 533 U.S. 194, 194 (2001) ("The initial inquiry is whether a constitutional right would have been violated on the facts alleged, for if no right would have been violated, there is no need for further inquiry into immunity."). In other words, if there is no constitutional violation in the first instance, a court does not need to determine whether a constitutional right was "clearly established" for purposes of qualified immunity. In any event, because we agree with the district court that neither Rhodes nor Jones violated Thweatt's constitutional rights, we affirm.